UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA LEWIS,

      Plaintiff,

    -against-

MARIA S. VASQUEZ-DOLES,

      Defendant.

20-CV-7972 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, appearing *pro se*, brings this action challenging a state court judge's decision to deny Plaintiff leave to proceed as a poor person in a state court action. (ECF No. 1 at 8.) By order dated October 7, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Regina Lewis brings this complaint under 42 U.S.C. §§ 1981 and 1983, challenging the actions of Justice Maria S. Vasquez-Doles in presiding over Plaintiff's suit in state court, *Lewis v. Independent Living*, 7862-2019. Plaintiff states that Justice Vasquez-Doles denied her motion to proceed as a poor person in that action on the ground that Plaintiff's motion was not "in accordance with the CPLR." (ECF 2 at 1.) Justice Vasquez-Doles eventually dismissed Plaintiff's state-court action without prejudice on multiple grounds, including the fact that Plaintiff's attempt to serve defendants by mail was improper. Plaintiff sues Justice Vasquez-Doles, alleging that she was "bias[ed]" and engaged in fraud.

The Court notes that in prior proceedings in this district, Regina Lewis was found "not legally competent to proceed without the appointment of a [guardian *ad litem*]." (*Id.* at 21).[1] Magistrate Judge Lisa Margaret Smith first made this determination in 2017, after conducting a competency hearing under Rule 17 of the Federal Rules of Civil Procedures in *Lewis v. Newburgh Hous. Auth.*, ECF 7:11-CV-3194, 201 (S.D.N.Y. Nov. 5, 2018) ("*Lewis I*"). More recently, on March 6, 2020, Judge Smith found that her 2017 determination that Regina Lewis was not competent to represent herself had not changed. *Id.* (ECF No. 211.) Despite this, Lewis has continued filing new actions *pro se*, including this one.

## DISCUSSION

Plaintiff's claims against Justice Maria S. Vasquez-Doles must be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought

---

[1] In *Lewis*, No. 1:11-CV-3194, the Court located *pro bono* counsel for Plaintiff and appointed Plaintiff's brother guardian *ad litem*, but he later withdrew. Counsel attempted to secure a replacement guardian *ad litem*, but eventually withdrew because "it was determined that [Plaintiff] will remain non-compliant and unprepared to participate." *Id.* (ECF No. 179). On October 2, 2018, upon reconsideration of Plaintiff's competency, Magistrate Judge Smith reaffirmed her prior determination under Rule 17(c) that "Plaintiff is not legally competent to proceed without the appointment of a [guardian ad litem]." (ECF No. 201, at 21). By order dated November 5, 2018, Judge Smith dismissed the action without prejudice. (ECF No. 202). The Second Circuit denied Plaintiff's motion for leave to appeal because the appeal did not depart from Plaintiff's "pattern of vexatious filings" that caused the Circuit to impose a leave-to-file sanction in *Lewis v. Cnty. of Orange*, No. 16-4017 (2d Cir. May 18, 2018). (ECF No. 204.)

against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff's claims against Justice Vasquez-Doles arise of out of the judge's rulings while presiding over Plaintiff's state court action. Such rulings and actions were within the scope of Justice Vasquez-Doles's judicial capacity and jurisdiction. The Court therefore dismisses Plaintiff's claims against Justice Vasquez-Doles under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

Because the Court dismisses this action as frivolous and not on the merits, it need not address the issue of Plaintiff's competency. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (dismissal of an IFP complaint on ground of frivolousness is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute). While these claims are frivolous, in an abundance of caution, the Court dismisses them without prejudice. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 135 (2d Cir. 2009) (courts should dismiss without prejudice

claims of incompetent persons who appear without a guardian *ad litem* or counsel). Should Plaintiff file an action that is not frivolous or otherwise meritless on its face, the Court will revisit the issue of Plaintiff's competency.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: October 7, 2020
    New York, New York

                                                  COLLEEN McMAHON
                                          Chief United States District Judge